## CROCKER STATE BANK v. CONWAY STATE BANK.

Springfield Court of Appeals, January 29, 1923.

1. **BANKS AND BANKING**: Evidence Held Sufficient to Show Purchase of Note by Defendant Bank. In action to recover a balance alleged to be due from defendant bank, which included a credit on defendant's book for a note alleged to have been purchased by defendant and not taken as an accommodation to deceive the bank

215 Mo. App.—27.

examiner, evidence *held* sufficient upon which to base plaintiff's claim that the note was purchased outright and was so treated by defendant until it was found uncollectible.

2. ———: Evidence of Ex-bank Cashier as to Intention of Bank in Transaction Held Incompetent.   In action for a balance between banks, testimony of a cashier who was no longer in defendant's employ, as to what was intended when a note and check were received by defendant bank, was incompetent.

3. APPELLATE PRACTICE: Instruction Held Harmless.   An instruction given at the trial to the effect that a note became the property of defendant and could not be charged back to plaintiff, if error, was harmless, where nothing was alleged in the petition regarding the consideration or acceptance of the note, and defendant treated the note and its acceptance in the same way as did plaintiff in instructions asked, and testimony as to the note transaction was received without objection.   If facts had been pleaded concerning the consideration or acceptance of the note, such facts would have been only by way of inducement and could have been treated as redundancy.

Appeal from the Circuit Court of Laclede County.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*L. C. Mayfield* and *Hamlin & Hamlin* for appellant.

*Don O. Vernon* and *Lorts & Breuer* for respondent.

FARRINGTON, J.—Plaintiff recovered below and defendant appeals, charging error in the giving of instructions and in exclusion of testimony.

The plaintiff is a banking corporation located at Crocker, and the defendant a like corporation located at Conway, Missouri, the cashiers of each on the dates hereinafter mentioned were brothers. A short time before the controversy herein a bank at Waynesville, Missouri, failed and on account thereof the cashier of plaintiff anticipated an examination of plaintiff by the State Bank Examiner. At that time one G. W. Hendricks owed

plaintiff more money than it was allowed under the law to loan one person, and for the purpose of getting this note out of his bank the cashier of plaintiff, on the 14th day of May, 1921, had Hendricks and his two sons, R. T. and P. E., execute a note for the sum of $2250, payable on demand to the State of Conway Missouri, all without the knowledge and consent of the Conway Bank, and upon the execution of said note the plaintiff delivered to the said G. W. Hendricks the notes it held against him and he thereupon drew a check on the Conway State Bank, payable to plaintiff, and delivered it to the plaintiff, for the sum of $2250. At that time, in the transaction between the said Hendricks and cashier of plaintiff bank an individual indebtedness of $800 due the said Hendricks from Mr. Ousley, plaintiff's cashier, was included. The note and check aforesaid were mailed to the cashier of defendant on the date aforesaid with the request that he carry said note until "things settle down over the Waynesville matter."

On the 16th of May, 1921, the cashier of the defendant entered the note on the records of the defendant showing that G. W. Hendricks had deposited a note with the defendant for $2250 and on the 31st day of May the defendant sent a statement to the plaintiff showing its balance with it, in which was included the deposit of May 16th of $2250. In these different transactions the directors of both plaintiff and defendant were not consulted or informed as to the same, all were planned and carried out by Hendricks and the respective cashiers. About June 1st, afterwards, the cashier of plaintiff resigned and one Turpin was elected as his successor, and on the 18th day of June, 1921, plaintiff drew a draft on defendant for $3002.50, which included the note item aforesaid and the payment of said draft was refused by the defendant, and at the time of so doing it returned the Hendricks note to the plaintiff and has retained the possession of said note from said time to the present. After the refusal to pay the draft by the defendant this suit was

instituted, a trial had which resulted in a judgment being rendered in favor of the plaintiff for $2329.75.

The principal issue of fact upon which the case was determined was whether the defendant bank was merely an accommodation holder for the purpose of deceiving the Bank Examiner and that it never intended to own the note. There is some evidence to sustain that contention, but plaintiff also offered evidence tending to show that while the transactions came about to help the plaintiff bank to not show the loan to Hendricks, yet the defendant in doing so did take the note as its own and gave plaintiff credit for it in payment for it. First, is the letter from plaintiff's cashier to defendant's cashier, which is subject to either theory. Second, it is shown that when the note came due defendant took no steps to hold the plaintiff but did take steps to collect from the makers, writing letters and making two trips to see the makers. Defendant's cashier testified on this point as follows:

"Q. And you wrote to the Hendrickses to pay the note? A. Yes, sir.

"Q. But you didn't call on the Crocker State Bank to pay the note? A. No, sir.

"Q. Wasn't you looking to the Hendrickses to pay the note? A. I did at first.

"Q. When did you change your mind? A. I changed my mind when they did not pay it.

"Q. Now, Mr. Ousley, I will ask you to look at that, marked Exhibit "I" and ask you to state whether or not you wrote that to Mr. Hendrix? A. I think I did.

"Q. Well, didn't you write it? A. Yes, sir; I will admit that I did."

"Exhibit "I" is a letter demanding payment from Hendricks.

Defendant also sent plaintiff a deposit slip showing this was deposited by Hendricks and a statement showing the amount held to the credit of plaintiff. The defendant's cashier was also president of the bank.

There is sufficient evidence on which to base plaintiff's contention that it was a purchase of the note outright, and so treated by the defendant until after it found the note was uncollectible. No demurrer to the evidence was filed by the defendant, and the only error alleged is the exclusion by the trial court of some testimony offered by the defendant, and the giving of three instructions asked by plaintiff. The petition merely charges that a deposit was made and that there is an indebtedness of $2250 with interest due.

Appellant first finds fault with plaintiff's instruction No. 1 as being wider than the pleadings. It is true that the jury were told that if they found that Hendricks and others executed the note referred to in the statement, and then found that he drew a check on defendant payable to plaintiff bank, and that defendant received a valuable consideration, and the defendant received and borrowed the note and check and gave credit to plaintiff for the amount of the check and note, and accepted the note as its own property, then the note became the property of the defendant and defendant could not charge the plaintiff back with this credit given when the note was accepted by defendant.

It is true that nothing about the note, or the consideration, or an acceptance was mentioned in the petition, but if those facts had been pleaded it would have been only by way of inducements and could have been treated as redundancy. The giving of the note and check, the acceptance of same, and credit given by defendant were so interwoven in the testimony that it could not have been misleading to the jury. Besides, the evidence went in without objection, and defendant treated the note and acceptance in the same way as did plaintiff in the instructions which it asked and were given. The error, if any, was harmless. [Von Trebra v. Gaslight Co., 209 Mo. 660, 661, 108 S. W. 559.] The finding of probably redundant matters in instruction No. 2 was harmless, as the main issue to be found therein fixing liability was the owner-

ship of the note for which defendant gave credit to plaintiff for $2250. We fail to grasp the objection that the instruction is comment on the evidence.

Instruction No. 3 is an abstract proposition of law and submitted no issue. However, we see nothing there that would mislead a jury in finding the issues which were to be found, and which were contained in plaintiff's and defendant's other instructions.

This case differs from what the court held in Bank of Slater v. Union Station Bank, 222 S. W. 993. Here there is an open question to be determined by the jury, whether the defendant took the note as a ruse and deception to the Bank Examiner, or whether in taking it as an accommodation, in a sense, it nevertheless took it as its property and accepted it as a just indebtedness to it, owed by Hendricks and his co-signers. In the case last above cited, on page 996 (222 S. W.) the court states as a fact that the alleged loan was not a loan, while in our case that question was a different matter, settled in plaintiff's favor by the verdict of the jury. Defendant's instructions made the defense that if it was merely a ruse to cover up, and that the defendant did not accept the note as its property, there could be no recovery by plaintiff.

No authorities are cited by appellant holding that what defendant's cashier did was not within the apparent scope of his authority.

The evidence offered by the defendant was a deposition of the cashier of defendant's bank who had carried on this transaction with plaintiff. At the time of taking the deposition he was no longer in the employ of the defendant, and his testimony as to what was intended when the note and check were sent was clearly incompetent. No authorities are cited by appellant on this point.

No reversible error appearing in this record, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.